IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CURTIS JAMES LANGLOIS,
#379390 - 90110991,

                            Petitioner,

     v.

DANE COUNTY SHERIFFS OFFICE
AND DEPUTIES, Z SWEEN, A. INGOLIA,
B. GRAFTON, N. KANDIS, C. KRAKOW,
M. WHITE, Z. MCCOLLUM, T.J. BOIVIN,
D. BIONDROSKI, B. BAUMAN, WALSH,
J. MYERS, E. EVERETT, J. TARNOWSKI,
L. CROSS, B. RILEY, B. BACK, S. JONES,
SGT. EDEN, SGT. PRICE, SGT. LINDSLEY,
CAPT. TEUSCHER, SHERIFF DAVID
MAHONEY and LT. TWOMBLY,

                            Respondents.

OPINION and ORDER

08-cv-541-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary relief brought pursuant to 42 U.S.C. § 1983, petitioner Curtis James Langlois alleges that respondents violated his First Amendment rights by denying him his mail for ten days while he was in "lockdown."

---

[1] This case was assigned automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the Western District of Wisconsin receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

Petitioner has asked for leave to proceed in forma pauperis and has paid the initial partial filing fee.

Because petitioner is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if the prisoner has had three or more lawsuits or appeals dismissed for lack of legal merit, or if the prisoner's complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). However, petitioner is a pro se litigant, so his complaint will be construed liberally as it is reviewed for these potential defects. Haines v. Kerner, 404 U.S. 519, 521 (1972). Having reviewed petitioner's complaint, I conclude that he fails to state a claim upon which relief may be granted because respondents' delay of his incoming mail lasted only ten days, which is too short a delay to raise First Amendment concerns.

In his complaint petitioner alleges the following facts.

ALLEGATIONS OF FACT

Petitioner Curtis James Langlois is an inmate at the Dodge Correctional Institution in Waupun, Wisconsin. Some time around the middle of July, 2008, while he was confined at the Dane County jail, he was put in "lockdown" status. During that time, petitioner asked for his personal mail, but respondents refused to provide it to him. A number of respondents cited as the basis for their refusal a policy of the Dane County Sheriff's Office

2

to withhold nonlegal mail from inmates on lockdown status "for up to a period of ten days." Petitioner was in lockdown status for two weeks and was refused his personal mail for the full ten days allowable under the policy.

OPINION

Under the First Amendment's guarantee of freedom of speech, prisoners have a limited right to receive incoming mail from those outside the prison, even for non-legal purposes. Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999) (citing Turner v. Safley, 482 U.S. 78, 89 (1987); Thornburgh v. Abbott, 490 U.S. 401 (1989)). This right includes a right to receive mail without "inordinate" delay where such delay is unjustified. Antonelli v. Sheahan, 81 F.3d 1422, 1431-32 (7th Cir.1996). However, short-term delays are not serious enough to implicate constitutional concerns. Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir. 1999) (short-term delays in receipt of subscriptions do not rise to level of constitutional violation); Rowe, 196 F.3d at 782 (delays in receipt of mail lasting as long as 26 days too "isolated" and short-term to raise First Amendment concerns).

In petitioner's case, prison officials delayed his receipt of personal mail for ten days on one occasion. Such a delay is too brief to violate the First Amendment under Sizemore and Rowe. Moreover, the policy permitting prison officials to delay delivery of personal mail during a lockdown does not raise any constitutional concerns. Although it is possible that the policy could be applied to create "persistent" delays in mail (applied each time a person

3

is put in lockdown), its applicability is limited to nonlegal mail and may last no longer than ten days during each lockdown.  <u>Sizemore</u>, 829 F.2d at 612 (even "persistent" short-term delays do not raise constitutional concerns); <u>see also</u> <u>Rowe</u>, 196 F.3d at 782 (suggesting that delays involving nonlegal mail are less likely to raise First Amendment problems than delays involving legal mail).  Because petitioner's denial of mail does not rise to the level of a constitutional violation, his request for leave to proceed <u>in forma pauperis</u> will be denied and his case will be dismissed.

ORDER

IT IS ORDERED that:

1.  Petitioner Curtis James Langlois's request for leave to proceed <u>in forma pauperis</u> on his claim that respondents Dane County Sheriffs Office and Deputies, Z Sween, A. Ingolia, B. Grafton, N. Kandis, C. Krakow, M. White, Z. McCollum, T.J. Boivin, D. Biondroski, B. Bauman, Walsh, J. Myers, E. Everett, J. Tarnowski, L. Cross, B. Riley, B. Back, S. Jones, Sgt. Eden, Sgt. Price, Sgt. Lindsley, Capt. Teuscher, Sheriff David Mahoney and Lt. Twombly violated his First Amendment rights by delaying his access to incoming personal mail is DENIED and this case is DISMISSED with prejudice for petitioner's failure to state a claim upon which relief may be granted;

2.  Because I have dismissed petitioner's complaint for one of the reasons listed in 28 U.S.C. § 1915(g), a strike will be recorded against petitioner;

4

3. Petitioner is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). This court will notify the warden at the Dodge Correctional Institution of that institution's obligation to deduct payments until the filing fee has been paid in full.

4. The clerk of court is directed to close the file.

Entered this 22nd day of October, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge